**THE AVANZADO LAW FIRM**
MELVIN N.A. AVANZADO (Bar No. 137127)
  <mel@avanzadolaw.com>
ELAINE W. YU (Bar No. 280008)
  <elaine@avanzadolaw.com>
1880 Century Park East
Suite 1100
Los Angeles, California 90067
310.552.9300 TELEPHONE
310.388.5330 FACSIMILE

THE TALCOTT LAW FIRM P.C.
KELLY D. TALCOTT
  <kelly@kdtalcott.com>
200 Sea Cliff Avenue, #43
Sea Cliff, New York 11579-0043
516.515.1545 TELEPHONE
516.871.0682 FACSIMILE

Attorneys for Defendant
TufAmerica, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM SHELBY, an individual,<br><br>  Plaintiff,<br><br>  vs.<br><br>TUFAMERICA, INC., a New York Corporation; and DOES 1 through 10,<br><br>  Defendants.<br><br>————————————<br><br>TUFAMERICA, INC., a New York corporation,<br><br>  Third-Party Plaintiff,<br><br>  v.<br><br>AMAZON.COM, INC., a Delaware corporation, and ON-DEMAND PUBLISHING LLC, a Delaware limited liability company,<br><br>  Third-Party Defendants | CASE NO. CV15-5073 MMM (JEMx)<br><br>THIRD PARTY COMPLAINT OF TUFAMERICA, INC. FOR<br><br>  (1) EQUITABLE INDEMNITY<br>  (2) DECLARATORY RELIEF |

Defendant and Third-Party Plaintiff TufAmerica, Inc. ("TufAmerica"), by and through its undersigned attorneys, for its Third Party Complaint against Third-Party Defendants Amazon.com, Inc. ("Amazon") and On-Demand Publishing LLC ("On-Demand") (collectively, "Third-Party Defendants"), hereby alleges as follows:

1. Plaintiff Kim Shelby ("Shelby") has filed a complaint against TufAmerica, a copy of which is attached hereto as Exhibit A (the "Shelby Complaint"). The Shelby Complaint includes claims of copyright infringement and misappropriation of likeness against TufAmerica.

## VENUE AND JURISDICTION

2. This Court has federal question jurisdiction over the Shelby Complaint's copyright infringement claim, and supplemental jurisdiction over its misappropriation of likeness claim.

3. The claims asserted in this Third-Party Complaint arise out of the same facts and circumstances as those set forth in the Shelby Complaint, so that this Court may exercise supplemental jurisdiction over it under 28 U.S.C. § 1367(a).

4. Venue is proper under 28 U.S.C. § 1391(b) and 1400(a), in that this judicial district is one in which a substantial part of the acts and omissions giving rise to the claims occurred.

5. This Third-Party Complaint is properly brought under Rule 14(a) of the Federal Rules of Civil Procedure.

## PARTIES

6. Third-Party Plaintiff TufAmerica, Inc. is a New York corporation with a place of business at 246 West 38th Street, 5th Floor, New York, New York.

7. Upon information and belief, Third-Party Defendant Amazon.com Inc. is a Delaware corporation having a place of business at 410 Terry Avenue North, Seattle, Washington 98109.

8. Upon information and belief, Third-Party Defendant On-Demand Publishing LLC is a Delaware limited liability company having a place of business at

100 Enterprise Way, Suite A200, Scotts Valley, California 95066, and is a subsidiary of third-party defendant Amazon.

## FACTS COMMON TO ALL COUNTS

9. TufAmerica is the owner of the Tuff City Music Group, which was founded in 1981 as a rap and hip-hop label. Since then, TufAmerica has moved into other musical genres, including blues, soul, funk, and R&B, acquiring the rights to thousands of musical recordings and compositions.

10. TufAmerica has released many of its acquired recordings under a number of different label marks, one of which is its TUFF CITY label mark, which is used primarily for original hip hop recordings.

11. TufAmerica is the owner of the TUFF CITY mark, and has used the mark on and in connection with compact discs and LP vinyl albums manufactured and sold by TufAmerica for many years. TufAmerica strictly controls the quality and selection of the musical recordings it releases under the TUFF CITY mark, which has acquired secondary meaning in the minds of consumers by virtue of TufAmerica's long use of the mark on and in connection with the hip hop music released by TufAmerica under the mark. TufAmerica maintains strict quality control over the music that is selected and released under the of the TufAmerica TUFF CITY mark, and has invested substantial time and money in promoting recordings released under the TUFF CITY mark. Compact discs and LP vinyl albums bearing the TufAmerica TUFF CITY mark have been offered for sale and sold throughout the United States as well as in numerous foreign countries.

12. TufAmerica distributes many of the albums and recordings it controls on compact discs and, increasingly, vinyl LPs. These include reissues of existing albums as well as new compilation albums that are personally curated by TufAmerica's CEO. In addition, TufAmerica also actively licenses the recordings and compositions it controls for use in commercials, television shows, and films.

/ / / /

**The Limited TufAmerica License**

13. In September, 2006, TufAmerica entered into a limited license with a company known as Digital Music Group, Inc. ("Digital") that permitted Digital to market a large number of musical tracks, but only in certain limited ways (the "TufAmerica License"). TufAmerica delivered thousands of musical recordings to Digital under the TufAmerica License.

14. The TufAmerica License specified in detail the rights that TufAmerica was and, more importantly for this lawsuit, was not licensing to Digital. In particular, the TufAmerica License limited Digital's use of the licensed recordings to electronic transmissions or mobile-phone ringtones. In other words, the TufAmerica License limited Digital's rights to digital downloads of the songs (for example, by way of a service such as iTunes), and to digital downloads of ringtones (for example, by way of a mobile phone operator such as Verizon Wireless).

15. The TufAmerica License also granted limited rights to Digital to use certain TufAmerica trademarks, including the TUFF CITY mark. Digital could only use these marks, however, "in connection with the advertising, marketing and promotion of the Masters, the Option Masters, if any, and [Digital's] services, as set forth in this Agreement."

16. The TufAmerica License was not under any circumstances a broad license of all of TufAmerica's rights in and to the underlying musical recordings. There were a number of rights that the TufAmerica License specifically did not grant to Digital. In particular, TufAmerica reserved for itself "[t]he right to license the Masters or Option Masters in connection with the so-called brick and mortar 'manufacture on demand' of phonorecords (even if the Masters are delivered to the manufacture on demand via Electronic Transmission prior to the embodiment in a phonorecord)."

/ / / /
/ / / /

17. In late 2007, Digital merged with The Orchard Enterprises, Inc. ("Orchard"), and Orchard assumed Digital's obligations under the TufAmerica License.

18. In late 2011, TufAmerica and Orchard mutually agreed to terminate the TufAmerica License.

**Amazon and On-Demand Conspire to Manufacture and Sell the Recording at Issue in This Action**

19. Upon information and belief Amazon and On-Demand have conspired to offer for sale, manufacture, and sell a "manufacture on demand" compact disc titled "I'm Glad About It: Classic Gospel Tracks" by the artist known as Kim Shelby (the "Shelby CD"), which they have wrongly attributed to TufAmerica's TUFF CITY label.

20. Upon information and belief, the Shelby CD was offered for sale through Amazon's website at www.amazon.com. A listing page for the Shelby CD is displayed at paragraph 10, page 4 of the Shelby Complaint.

21. TufAmerica has never marketed any products that include any of the songs listed on the Shelby CD, and in particular has never marketed the Shelby CD.

22. Upon information and belief, Orchard supplied the recordings included on the Shelby CD to Amazon and/or On-Demand, On-Demand fabricated the Shelby CD on a "to order" basis, and Amazon marketed and sold the Shelby CD to the public – all while attributing the Shelby CD to TufAmerica's TUFF CITY label. This was despite the fact that Amazon and On-Demand had no right to do so.

23. As a direct consequence of the wrongful conduct of Third-Party Defendants, TufAmerica has been sued by Shelby for copyright infringement and misappropriation of likeness.

/ / / /

/ / / /

## FIRST CLAIM FOR RELIEF

### (Equitable Indemnity)

### Against All Third-Party Defendants

24. TufAmerica hereby realleges its allegations in paragraph 1 through paragraph 23, inclusive, as if set forth in full.

25. The Shelby Complaint alleges that Shelby "is a gospel singer who owns original songs including but not limited to songs titled 'We as One,' 'I'm Glad About It,' 'I'll do Anything,' 'Live for Christ,' 'Anointing,' and 'Oh Yes You Do' (collectively 'Subject Songs') that have been registered with the United States Copyright Office prior to the acts of infringement alleged herein under registration numbers: SRu 212-173, SRu 215-589, and SRu 218-666."

26. The Shelby Complaint also alleges that TufAmerica "distributed and/or sold music albums ('Subject Product') including songs that are substantially similar, if not identical, to the Subject Songs without Plaintiff's authorization, including but not limited to an album sold by Amazon under ASIN B004LP1UP4 titled 'I'm Glad About It: Classic Gospel Tracks by Kim Shelby,' with the record label for that album listed as TUFAMERICA."

27. As set forth in its Answer to the Shelby Complaint, TufAmerica denies the actionable allegations in the Shelby complaint, and further denies that it is responsible or liable for any costs and damages, or that it is in any way subject to any of the relief requested in the Shelby Complaint.

28. However, should TufAmerica be found liable for any injury and/or damages arising from the allegations in the Shelby Complaint, the Third-Party Defendants are each at fault, in whole or in part, for any such injury and/or damages as alleged co-conspirators and/or joint tortfeasors with TufAmerica.

29. By reason of the above the Third-Party Defendants are each partially or fully responsible for any and all claims, losses, damages, attorneys' fees, or costs that TufAmerica is required to pay as a result of the facts and circumstances

raised in the Shelby Complaint, and TufAmerica is entitled to equitable indemnification in full or in part from each of the Third-Party Defendants for any and all claims, losses, damages, attorneys' fees, or costs that TufAmerica is required to pay as a result of the facts and circumstances raised in the Shelby Complaint.

## SECOND CLAIM FOR RELIEF

### (Declaratory Relief)

### Against All Third-Party Defendants

30. TufAmerica hereby realleges its allegations in paragraph 1 through paragraph 29, inclusive, as if set forth in full.

31. An actual controversy exists between the Third-Party Defendants and TufAmerica, in that TufAmerica contends that, if required to pay any claims, losses, damages, attorneys' fees, or costs as a result of the facts and circumstances raised in the Shelby Complaint, each of the Third-Party Defendants are joint tortfeasors and must indemnify TufAmerica for any such amounts, in whole or in part.

32. Without a judicial declaration setting forth the parties' respective rights and obligations concerning the dispute set forth herein, further legal actions may result. TufAmerica thus requests a determination of the obligations of each of the Third Party Defendants to indemnify TufAmerica for any and all claims, losses, damages, attorneys' fees, or costs that TufAmerica is required to pay as a result of the facts and circumstances raised in the Shelby complaint.

## PRAYER FOR RELIEF

WHEREFORE, Third-Party Plaintiff TufAmerica, Inc. respectfully prays for relief against Third-Party Defendants Amazon.com, Inc. and On-Demand Publishing LLC as follows:

1. That this Court enter judgment that the Third-Party Defendants indemnify TufAmerica, jointly and severally, for all or part of any and all claims, losses, damages, attorneys' fees or costs that TufAmerica may be required to pay as a result of the facts and circumstances raised in the Shelby Complaint;

2. That this Court make a declaration as to the same and consistent with the allegations in this Third-Party Complaint;

3. That this Court award costs of suit herein;

4. That this Court award to TufAmerica its reasonable attorneys' fees; and

5. That this Court grant such other and further relief as the Court may deem just and proper.

DATED: November 2, 2015

THE TALCOTT LAW FIRM, P.C.
KELLY D. TALCOTT

THE AVANZADO LAW FIRM
MELVIN N.A. AVANZADO
ELAINE W. YU

By: _____
Melvin N.A. Avanzado
Attorneys for Defendant and Third-Party Plaintiff TufAmerica, Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

PRINTED ON
RECYCLED PAPER

EXHIBIT A TO THIRD-PARTY COMPLAINT

Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank Gregory Casella (SBN 301494)
fcasella@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM SHELBY, an individual, <br><br> Plaintiff, <br><br> v. <br><br> TUFAMERICA, INC., a New York Corporation; and DOES 1 through 10, <br><br> Defendants. | Case No.: <br><br> PLAINTIFF'S COMPLAINT FOR <br> 1. COPYRIGHT INFRINGEMENT <br> 2. MISAPPROPRIATION OF LIKENESS <br><br> Jury Trial Demanded |

Kim Shelby, by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

1
COMPLAINT

3. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 (a).

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

5. Plaintiff KIM SHELBY is an individual residing in Los Angeles County.

6. Plaintiff is informed and believes and thereon alleges that Defendant TUFAMERICA, INC. ("TUFAMERICA") is a corporation organized and existing under the laws of the state of New York, with its principal place of business located at 10 West 37th Street, Suite 601 New York, New York 10018, and is doing business in and with the state of California.

7. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and

circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

### CLAIMS FOR RELIEF

9. Plaintiff is a gospel singer who owns original songs including but not limited to songs titled "We as One," "I'm Glad About It," "I'll do Anything," "Live for Christ," "Anointing," and "Oh Yes You Do" (collectively "Subject Songs") that have been registered with the United States Copyright Office prior to the acts of infringement alleged herein under registration numbers: SRu 212-173, SRu 215-589, and SRu 218-666.

10. Plaintiff is informed and believes and thereon alleges that TUFAMERICA, DOE Defendants, and each of them distributed and/or sold music albums ("Subject Product") including songs that are substantially similar, if not identical, to the Subject Songs without Plaintiff's authorization, including but not limited to an album sold by Amazon under ASIN B004LP1UP4 titled "I'm Glad About It: Classic Gospel Tracks by Kim Shelby," with the record label for that album listed as TUFAMERICA. A screen capture of this album is included below:

///
///

3
COMPLAINT

Subject Product



11. Plaintiff is informed and believes and thereon alleges that TUFAMERICA, DOE Defendants, and each of them distributed and/or sold unauthorized albums bearing her name and including the Subject Songs.

## FIRST CLAIM

(For Copyright Infringement - Against All Defendants, and Each)

12. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

13. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures albums and/or is a record label.

14. Plaintiff is further informed and believes and thereon alleges that said Defendants, and each of them, have an ongoing business relationship with Defendant retailers, and each of them, and supplied infringing products to said retailers, which albums infringed the Subject Songs in that said albums were comprised of unauthorized reproductions of the Subject Songs.

15. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Songs and by producing, distributing and/or selling Subject Products through a nationwide network of retail stores, catalogues, and websites.

16. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

17. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Subject Songs. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of the Subject Songs in an amount to be established at trial.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

## SECOND CLAIM

(For Misappropriation of Likeness - Against All Defendants, and Each)

19. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

5
COMPLAINT

20. Plaintiff is informed and believes and thereon alleges that Defendants have and are using Plaintiff's name, identity, voice, likeness, and/or personal information for commercial advantage without Plaintiff's consent.

21. Plaintiff is informed and believes and thereon alleges that Defendants have and are appropriating Plaintiff's name, identity, voice, likeness, and/or personal information for commercial advantage by selling Subject Products including, but not limited to an album sold by Amazon under ASIN B004LP1UP4 titled "I'm Glad About It: Classic Gospel Tracks by Kim Shelby," with the record label for that album listed as TUFAMERICA.

22. Plaintiff has never granted her consent or authorization in any way to Defendants for the use of her name, identity, voice, likeness, and/or personal information.

23. Plaintiff is informed and believes and thereon alleges that Defendants' misappropriation of her name, identity, likeness, and personal information has resulted in injury to Plaintiff.

24. Plaintiff is entitled to compensatory and punitive damages due to Defendants' willful appropriation of her name, identity, likeness, and voice.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Songs;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq. and Cal. Civ. Code § 3344 (a);

d. That Plaintiff be awarded damages in the amount of the greater of $750.00 or the actual damages suffered by Plaintiff, in an amount to be determined at trial, as a result of the unauthorized use of Plaintiff's name and likeness as available under Cal. Civ. Code § 3344 (a).

e. That Plaintiff be awarded punitive damages as available under Cal. Civ. Code § 3344 (a);

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action; and

h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: July 6, 2015

DONIGER/BURROUGHS

By: /s/ Stephen M. Doniger
Stephen M. Doniger, Esq.
Frank Gregory Casella, Esq.
Attorneys for Plaintiff